FILE COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIQUIDNET HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PULSE TRADING, INC., <br><br> Defendant. | Civil Action 07 CIV 6886 GEL <br><br> **Jury Trial Demanded** <br><br> ECF CASE |



## LIQUIDNET HOLDINGS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Liquidnet Holdings, Inc ("Liquidnet"), by its attorneys, for its cause of action against the Defendant for patent infringement, states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement. Plaintiff Liquidnet Holdings, Inc. ("Plaintiff" or "Liquidnet") is the assignee of United States Patent No. 7,136,834 B1 ("the '834 patent"), entitled "ELECTRONIC SECURITIES MARKETPLACE HAVING INTEGRATION WITH ORDER MANAGEMENT SYSTEMS". The '834 patent was duly and lawfully issued by the United States Patent and Trademark Office on November 14, 2006 in the names of the inventors, Seth Merrin, John Halloran, Demian Kosofsky, and Kevin Lupowitz. A copy of the '834 patent is attached as Exhibit 1 to this complaint.

2. The '834 patent is directed generally to accessing records of open orders from an order management system's (OMS's) database at a trading institution, generating non-binding indications from the accessed records of orders, transmitting the non-binding indications to an electronic trading marketplace (ETM), subsequently determining if an accessed record of order

in the OMS's database has changed and, if such accessed record has changed, updating the non-binding indication and transmitting the updated non-binding indication to the ETM.

3. The '834 patent protects Liquidnet's commercially successful automated method for anonymously negotiating security trades, known in the industry as the "Liquidnet System". The Liquidnet System uses, and the '834 patent is generally directed to, a method known in the industry as "scraping the blotter" of traders.

## THE PARTIES

4. Plaintiff Liquidnet Holdings, Inc. ("Liquidnet" or "Plaintiff") is a Delaware corporation having its principal place of business at 498 7th Avenue, New York, N.Y. 10018.

5. Upon information and belief, Defendant Pulse Trading, Inc. ("Pulse") is a Massachusetts corporation having its principal place of business at 2 Liberty Square, 2nd Floor, Boston, MA 02109. Upon information and belief, Pulse also maintains a place of business in this District, at 780 Third Avenue, 8th Floor, New York, NY 10017.

## JURISDICTION

6. This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a), because this is an action for patent infringement arising under the laws of the United States, including 35 U.S.C. §§ 271 and 281-285.

7. This Court has personal jurisdiction over Pulse.

8. Venue is proper in this judicial district 28 U.S.C. §§ 1391 (b), (c), and § 1400 (b).

## PULSE'S INFRINGEMENT OF THE '834 PATENT

9. Pulse markets "BlockCross," a software product that automatically queries or "sweeps" open orders from the OMS's database, generates non-binding indications, transmits the non-binding indications to the Pulse Defendant-operated ETM, subsequently performs the same

query of open orders from the OMS's database, updates the non-binding indications based on the subsequent query, and transmits the updated non-binding indications to the ETM.

10. Pulse's press release announcing the May 23, 2007 launch of BlockCross notes that "[S]hortly after launch we will add the option to scrape blotters for indications". A copy of the press release is attached as Exhibit 2 to this complaint. Furthermore, media coverage of Pulse's BlockCross product notes that "[I]t will compete directly against Liquidnet..." and that BlockCross includes the ability to scrape the blotter of traders. A copy of the article quoted above is attached as Exhibit 3 to this complaint.

11. Pulse's BlockCross software product directly, indirectly, contributorily, and/or by inducement, infringes claims of the '834 patent in this judicial district and elsewhere in the United States, literally and under the doctrine of equivalents.

12. Pulse's infringement of the '834 patent has been, and continues to be, willful, deliberate, intentional, and without color of right.

13. Pulse's willful infringement of the '834 patent will continue unless permanently enjoined.

14. Liquidnet has suffered irreparable harm by reason of Pulse's infringement of the '834 patent, including, *inter alia*, the erosion of Liquidnet's statutory right to exclude others from practicing the claimed invention of the '834 patent.

15. Plaintiff is entitled to all damages adequate to fully compensate Plaintiff for Pulse's willful infringement of the '834 patent.

## DEMAND FOR JURY TRIAL

16.   Plaintiff requests a jury trial under Fed. R. Civ. P. 38 on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Liquidnet prays for a judgment as follows:

A.   That Pulse has infringed claims of the '834 patent literally and/or under the doctrine of equivalents;

B.   That Pulse and its respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, be preliminarily and permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '834 patent;

C.   That Pulse be ordered to account for and pay to Liquidnet the damages to which Liquidnet is entitled as a consequence of the infringement of the '834 patent in an amount no less than a reasonable royalty for the use made of the invention by Pulse;

D.   That such damages be trebled for the willful, deliberate, and intentional infringement by Pulse in accordance with 35 U.S.C. § 284;

E.   That this be found an "exceptional" case and that Liquidnet be awarded prejudgment interest, costs, disbursements, and attorneys' fees in accordance with the provisions of 35 U.S.C. § 285; and

F.   That Liquidnet be awarded such other and further relief as this Court may deem just, proper, and equitable.

Dated: July 31, 2007

                                        GREENBERG TRAURIG LLP

By: _____
     Michael A. Nicodema (MN 2949)
     Gaston Kroub (GK 6970)
     200 Park Avenue
     New York, N.Y. 10166
     Tel.: (212) 801-9200
     Fax: (212) 801-6400

     *Attorneys for Plaintiff Liquidnet Holdings, Inc.*