UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIQUIDNET HOLDINGS INC., ) | |
| ) | |
| Plaintiff, Counterclaim ) | Case No. 07-CIV-6886 (GEL)(HBP) |
| Defendant ) | |
| ) | **PULSE TRADING INC.'S ANSWER AND** |
| v. ) | **COUNTERCLAIM TO COMPLAINT FOR** |
| ) | **PATENT INFRINGEMENT** |
| PULSE TRADING, INC. ) | |
| ) | **ECF Case** |
| Defendant, Counterclaim ) | |
| Plaintiff ) | **Filed Electronically** |
| ) | |

Defendant Pulse Trading, Inc. (PTI) hereby responds to the allegations of the Complaint as follows:

1. PTI denies the allegations of paragraph 1 of the Complaint, except PTI admits that the Complaint recites an action for patent infringement, that a copy of the '834 patent is attached to the complaint, and further states that the '834 patent speaks for itself.

2. PTI denies the allegations of paragraph 2 of the Complaint, except that the '834 patent speaks for itself.

3. PTI denies the allegations of paragraph 3 of the Complaint, except that the '834 patent speaks for itself, and further PTI states that PTI is without knowledge or information sufficient to form a belief as to the alleged aspects of the LiquidNet System.

4. PTI is without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 4 of the Complaint.

5. Admitted.

6. PTI states that paragraph 6 of the Complaint states a legal conclusion as to which no response is required.

7. PTI states that paragraph 7 of the Complaint states a legal conclusion as to which no response is required.

**Pulse - Answer to Complaint –** 07-CIV-6886

8.     PTI states that paragraph 8 of the Complaint states a legal conclusion as to which no response is required.

9.     PTI denies the allegations of paragraph 9 of the Complaint, except that PTI states that it markets a software solution commercially known as "BlockCross," that the BlockCross software is designed, among other things, to "scrape" information from OMS databases, to use certain of that information in a process which generates and transmits indications, and to update certain of that information periodically.

10.     PTI denies the allegations of paragraph 10, except that PTI states that Exhibit 2 and Exhibit 3 of the Complaint speak for themselves.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     PTI states that paragraph 16 of the Complaint states a legal request as to which no response is required. PTI requests a jury trial under Fed R. Civ. P. 38 on all issues in the Complaint so triable.

**FIRST AFFIRMATIVE DEFENSE**

The '834 patent is invalid for failure to meet the conditions for patentability of 35 U.S.C. §§ 1, et seq.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

## COUNTERCLAIM

1. Counterclaim Plaintiff Pulse Trading, Inc. ("PTI") is a Massachusetts corporation having its principal place of business at 2 Liberty Square, 2nd Floor, Boston, MA 02109.

2. Upon information and belief, Counterclaim Defendant Liquidnet Holdings, Inc. is a Delaware Corporation having its principal place of business at 498 7th Avenue, New York, NY 10018.

3. This is a declaratory judgment action. PTI seeks a declaration that PTI has neither infringed nor induced or contributed to the infringement of the U.S. Patent No. 7,136,834 (the "'834 patent").

4. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1332(a), 1338 and 2201. This counterclaim arises under the patent laws of the United States. There is an actual controversy between the parties as to the infringement of the '834 patent, as is evidenced by the Complaint in this case and the Answer that is set forth above.

## COUNT I:  NON-INFRINGEMENT

5. PTI has neither infringed nor induced or contributed to the infringement of the '834 patent.

## DEMAND FOR JURY TRIAL

6. PTI requests a jury trial under Fed R. Civ. P. 38 on all issues in this counterclaim so triable.

## PRAYER FOR RELIEF

7. That the Court:

(a) declare that PTI has not infringed, and does not infringe, the claims of United States Patent No. 7,136,834 B1;

(b) award PTI its reasonable attorneys' fees and costs incurred in connection with this action;

(c) dismiss the Complaint with prejudice; and

      (d)    grant to PTI such other and further relief as it deems just in the circumstances.

Dated: August 21, 2007                      KENYON & KENYON LLP

                                      By:    _s/_____
                                                   Jerry Canada
                                                   Mark S. Raskin (MR 9182)
                                                   Michael Kelly (MK 6776)
                                                   One Broadway
                                                   New York, NY  10004
                                                   (212) 425-7200 (phone)
                                                   (212) 425-5288 (fax)

                                     Of counsel:

                                     CHOATE HALL & STEWART LLP

                                     Sarah Chapin Columbia
                                     (Mass Bar No.: 550155)
                                     Devon Bush
                                     (Mass Bar No.: 664960)
                                     Two International Place
                                     Boston, MA  02110
                                     scolumbia@choate.com
                                      (617) 248-5000
                                     (617) 248-4000 (FAX)

                                   Attorneys for Defendant Pulse Trading, Inc.

**Pulse - Answer to Complaint –** 07-CIV-6886

-4-