IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIQUIDNET HOLDINGS, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> PULSE TRADING, INC., <br><br> Defendant and Counterclaim-Plaintiff. | Civil Action No. <br><br> 07-cv-6886 (GEL)(HBP) |

**PLAINTIFF AND DEFENDANT'S JOINT RULE 26(f) REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff Liquidnet Holdings Inc. ("Liquidnet") and Defendant Pulse Trading, Inc. ("Pulse") conferred on September 21, 2007 and October 1, 2007 and now submit the following report regarding the parties' views and proposals regarding the items set forth in Fed. R. Civ. P. 16(b) and 26(a)(1), (c), and (f). The parties also submit the attached Proposed Civil Case Management Plan.

(1)   **What changes should be made in the timing, form, or requirement for disclosures under Fed. R Civ. P. 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The parties will exchange Rule 26(a)(1) initial disclosures no later than fourteen (14) days after the Court's Rule 26(f) scheduling conference. No changes will be made in the timing, form, or requirement for disclosures under Rule 26(a).

1

**(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

This is a patent infringement action involving claim 1 of the U.S. Patent No. 7,136,834. Fact discovery should be completed within ten (10) months from the date of the Court's Scheduling Order. Claim construction shall follow fact discovery and precede expert discovery. Expert discovery should be completed within five (5) months from the date of the Court's claim construction decision. The subjects on which discovery is needed are claim construction, infringement, invalidity, inequitable conduct, and damages. The parties agree that discovery regarding willful infringement, if any is necessary, shall take place towards the end of fact discovery. Defendant reserves the right to bifurcate the issue of willfulness for discovery and trial purposes. The parties agree that with the exception of financial information relating to the calculation of damages, no discovery shall be taken on documents, ESI and tangible things created after the filing of this suit.

**(3) Any issues relating to disclosure or discovery of electronically stored information (ESI), including the form or forms in which it should be produced.**

The parties agree that any party currently holding relevant and discoverable ESI shall ensure that such ESI is preserved in the format in which it was created (native format) through the end of the present litigation, including all appeals, whether terminated by settlement, dismissal (with or without prejudice) or actual court decision. Standard document control practices have already been preempted to preserve relevant and discoverable ESI in original native format. Any such information that Plaintiff (including its subsidiary Liquidnet Inc.) destroyed prior to October 4, 2006 pursuant to a standard document control practice or policy is

2

exempt from this provision.

Any such information that Defendant destroyed prior to October 1, 2007 pursuant to a standard document control practice or policy is exempt from this provision.

Plaintiffs and Defendant are working together to identify, for each party, a list of thirty (30) custodians most likely to have discoverable information for purposes of searching reasonably accessible sources of ESI. The parties agree to search for reasonably accessible ESI associated with the listed custodians, as well as any reasonably accessible centralized sources of ESI. Upon a showing of good cause a party will go back and search for ESI associated with additional custodians.

Plaintiff and Defendant will exchange lists of technical search terms and phrases, as well as person and entity names, for discovery of responsive ESI, and plan on working together to identify, for each party, a list of approximately twenty (20) technical search terms and phrases to be used for such searching. The parties also are working together to identify the names of persons and entities to be used as additional search terms.

The parties agree to exchange as soon as possible a written description (1) identifying all sources on which ESI responsive to those requests might be found (e.g., databases, networks, computer systems, (including legacy systems-both hardware and software), servers, archives, weblogs, internet and intranet sites), (2) identifying whether those sources are or are not reasonably accessible because of undue burden or cost (for example, back-up tapes, deleted, fragmented, or damaged data, legacy data stored on obsolete systems, or media acquired from another entity in an unsupported format), and (3) providing enough detail to enable the other party to evaluate the claim of unreasonableness. See Fed. R. Civ. P. 26(b)(2)(B). Such an exchange may make depositions to obtain this information unnecessary,

and no depositions on these subjects shall be taken until such information is exchanged.

The parties agree to produce responsive, non-privileged ESI in text-searchable PDF format as well as certain metadata for such ESI. The parties are working together to identify which metadata shall be exchanged. If a party is unable to produce a category of ESI in PDF format, then the party shall promptly advise all other parties, and the parties will work together to reach mutual agreement on the format for production of such ESI, so that it is useable by the receiving party or parties. After review, each party may request that individual documents or narrow categories of documents also be produced in native format. Such documents will be produced unless a well-founded objection is made by the producing party.

**(4)    Issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the court to include their agreement in an order.**

The parties are working together to submit for the Court's Order a Stipulated Protective Order for the maintenance of trade secret and other confidential information. Issues relating to claims of attorney-client privilege or of protection as trial-preparation material shall be addressed in such Order.

**(5)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Unless otherwise agreed on by the parties, or ordered by the Court, Plaintiff and Defendant each shall be limited to ten (10) depositions of fact witnesses and twenty-five (25) interrogatories, including all discrete subparts.

(6) Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The parties shall submit a Proposed Civil Case Management Plan prior to the Court's Rule 16(c) conference.

Dated: October 2, 2007

GREENBERG TRAURIG LLP

_____
Michael Nicodema (MN 2949)
Gaston Kroub (GK 6970)
200 Park Ave.
New York, NY 10166
(212) 801-9200

*Attorneys for Plaintiff Liquidnet Holdings Inc.*

KENYON & KENYON

_____
Mark S. Raskin (MR 9182)
Michael James Kelly (MK 6776)
One Broadway
New York, NY 10004
(212) 908-6053

*Attorneys for Defendant Pulse Trading, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIQUIDNET HOLDINGS, INC.,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>PULSE TRADING, INC.,<br><br>    Defendant and Counterclaim-Plaintiff. | Civil Action No.<br><br>07-cv-6886 (GEL)(HBP) |

## **PROPOSED CIVIL CASE MANAGEMENT PLAN**

After consultation with counsel for all parties, the following Case Management Plan is adopted. This plan is also a Scheduling Order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

1. This case shall to be tried to a jury. Plaintiff has limited its patent infringement claims against Defendant to claim 1 of U.S. Patent No. 7,136,834. Scheduling of pretrial practice should be arranged with a view to having the case ready for trial within approximately eighteen (18) months of the Court's initial pre-trial conference.

2. Joinder of additional parties must be accomplished within two (2) weeks of this Order.

3. Amended pleadings may be filed within seven (7) months of this Order.

4. All fact discovery shall be completed within ten (10) months of this Order. The interim deadlines set below may be extended by the parties on consent without application to the Court, provided the parties can still meet the discovery completion date ordered by the Court, which shall not be adjourned except upon a showing of extraordinary circumstances.

   Plaintiff and Defendant each shall be limited to ten (10) depositions of fact witnesses and twenty-five (25) interrogatories, including all discrete subparts.

   A. First requests for production have yet to be served.

   B.   Interrogatories pursuant to Local Rule 33.3(a) of the Civil Rules of the Southern District of New York shall be served no later than thirty (30) days before fact discovery is completed.

   C.   Depositions of fact witnesses shall be completed by the end of fact discovery.

      i.   Unless counsel otherwise agree or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

      ii.  Depositions shall proceed concurrently.

      iii. No depositions shall be extended beyond one day of seven hours without prior leave of the Court or agreement by the parties.

   D.   Requests to admit, if any, shall be served no later than thirty (30) days before the close of fact discovery.

5. Each party shall serve the other with a list of claim terms, phrases, or clauses that that party contends should be construed by the Court, with that party's proposed construction, no later than one (1) week after the close of fact discovery. The parties will confer no later than two (2) weeks thereafter to finalize a list of terms, phrases or clauses to be construed by the Court.

   Each party shall serve upon the other and file with the Court a claim construction brief within four (4) weeks after the close of fact discovery. Answering papers shall be served and filed no later than two (2) weeks after claim construction briefs are served and filed, unless one or more of the parties submits an expert affidavit in support of its claim construction, in which case the parties shall meet and confer within one (1) week of service of the expert affidavits to determine whether expert depositions will be taken. If it is decided that no expert depositions are needed then answering papers shall be filed and served no later than two (2) weeks from the date of the parties' conference. If a party requests an expert deposition during the conference, then that party shall have thirty (30) days to depose that expert and answering papers shall be filed and served no later than two (2) weeks after the last such expert deposition is taken.

   The Court will hold a hearing on claim construction two (2) weeks after answering briefs are served and filed, or at some later date as set by the Court.

6. Expert reports from the party with the burden of proof on the subject of the expert's reports must be served within thirty (30) days after the Court's claim construction decision. Expert reports from the opposing party must be served no later than thirty (30) days thereafter. Any rebuttal reports from the party with the burden of proof on the subject must be served no later than thirty (30) days after the opposing party's reports are served. Experts may be deposed, but such depositions must occur within sixty (60) days from the time rebuttal reports are due.

7. Dispositive motions, if any, shall be served and filed within four (4) weeks after the

deadline for service of expert rebuttal reports. Answering papers shall be served and filed no later than two (2) weeks after dispositive motions are served and filed. Reply papers shall be served and filed no later than one (1) week after answering papers are served and filed.

All motions and applications shall be governed by the Court's Individual Practice Rules, which are available on the Internet at http://www.nysd.uscourts.gov. Note that under those rules, two courtesy copies of all motion papers shall be provided to chambers by the movant at the time the reply is filed. It is the responsibility of the movant to make sure that copies of all parties' papers are provided at that time.

Any party may request oral argument by letter at the time reply papers are filed. Whether or not requested, the Court will determine whether and when oral argument shall be held.

8. The joint pretrial order shall be filed no later than ten (10) weeks after completion of expert discovery, or after the final decision of any dispositive motion, whichever is later, unless a different date is set by order of the Court. The requirements for the pre-trial order and other pre-trial submissions shall be governed by the Court's Individual Practice Rules.

9. Counsel do not consent to trial by a U.S. Magistrate Judge.

NEXT CASE MANAGEMENT CONFERENCE _____

Dated:_____
New York, New York

SO ORDERED:

_____
Gerard E. Lynch
United States District Judge