IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIQUIDNET HOLDINGS, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> PULSE TRADING, INC., <br><br> Defendant and Counterclaim-Plaintiff. | Civil Action No. <br><br> 07-cv-6886 (GEL)(HBP) |

**PROPOSED CIVIL CASE MANAGEMENT PLAN**

After consultation with counsel for all parties, the following Case Management Plan is adopted. This plan is also a Scheduling Order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

1. This case shall to be tried to a jury. Plaintiff has limited its patent infringement claims against Defendant to claim 1 of U.S. Patent No. 7,136,834. Scheduling of pretrial practice should be arranged with a view to having the case ready for trial within approximately eighteen (18) months of the Court's initial pre-trial conference.
2. Joinder of additional parties must be accomplished within two (2) weeks of this Order.
3. Amended pleadings may be filed within seven (7) months of this Order.
4. All fact discovery shall be completed ~~within ten (10) months of this Order~~ [handwritten: on or before - 15, 2008]. The interim deadlines set below may be extended by the parties on consent without application to the Court, provided the parties can still meet the discovery completion date ordered by the Court, which shall not be adjourned except upon a showing of extraordinary circumstances.

   Plaintiff and Defendant each shall be limited to ten (10) depositions of fact witnesses and twenty-five (25) interrogatories, including all discrete subparts.

   A. First requests for production have yet to be served.

NY 238536761v1 10/2/2007

    B.    Interrogatories pursuant to Local Rule 33.3(a) of the Civil Rules of the Southern District of New York shall be served no later than thirty (30) days before fact discovery is completed.

    C.    Depositions of fact witnesses shall be completed by the end of fact discovery.

        i.    Unless counsel otherwise agree or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

        ii.    Depositions shall proceed concurrently.

        iii.    No depositions shall be extended beyond one day of seven hours without prior leave of the Court or agreement by the parties.

    D.    Requests to admit, if any, shall be served no later than thirty (30) days before the close of fact discovery.

5.    Each party shall serve the other with a list of claim terms, phrases, or clauses that that party contends should be construed by the Court, with that party's proposed construction, no later than one (1) week after the close of fact discovery. The parties will confer no later than two (2) weeks thereafter to finalize a list of terms, phrases or clauses to be construed by the Court.

Each party shall serve upon the other and file with the Court a claim construction brief within four (4) weeks after the close of fact discovery. Answering papers shall be served and filed no later than two (2) weeks after claim construction briefs are served and filed, unless one or more of the parties submits an expert affidavit in support of its claim construction, in which case the parties shall meet and confer within one (1) week of service of the expert affidavits to determine whether expert depositions will be taken. If it is decided that no expert depositions are needed then answering papers shall be filed and served no later than two (2) weeks from the date of the parties' conference. If a party requests an expert deposition during the conference, then that party shall have thirty (30) days to depose that expert and answering papers shall be filed and served no later than two (2) weeks after the last such expert deposition is taken.

The Court will hold a hearing on claim construction two (2) weeks after answering briefs are served and filed, or at some later date as set by the Court.

6.    Expert reports from the party with the burden of proof on the subject of the expert's reports must be served within thirty (30) days after the Court's claim construction decision. Expert reports from the opposing party must be served no later than thirty (30) days thereafter. Any rebuttal reports from the party with the burden of proof on the subject must be served no later than thirty (30) days after the opposing party's reports are served. Experts may be deposed, but such depositions must occur within sixty (60) days from the time rebuttal reports are due.

7.    Dispositive motions, if any, shall be served and filed within four (4) weeks after the

deadline for service of expert rebuttal reports. Answering papers shall be served and filed no later than two (2) weeks after dispositive motions are served and filed. Reply papers shall be served and filed no later than one (1) week after answering papers are served and filed.

All motions and applications shall be governed by the Court's Individual Practice Rules, which are available on the Internet at http://www.nysd.uscourts.gov. Note that under those rules, two courtesy copies of all motion papers shall be provided to chambers by the movant at the time the reply is filed. It is the responsibility of the movant to make sure that copies of all parties' papers are provided at that time.

Any party may request oral argument by letter at the time reply papers are filed. Whether or not requested, the Court will determine whether and when oral argument shall be held.

8. The joint pretrial order shall be filed no later than ten (10) weeks after completion of expert discovery, or after the final decision of any dispositive motion, whichever is later, unless a different date is set by order of the Court. The requirements for the pre-trial order and other pre-trial submissions shall be governed by the Court's Individual Practice Rules.

9. Counsel do not consent to trial by a U.S. Magistrate Judge.

NEXT CASE MANAGEMENT CONFERENCE _March 14, 2008 at 11:00 a.m._

Dated: _Oct 12, 2007_
New York, New York

SO ORDERED:

_____
Gerard E. Lynch
United States District Judge