✗ Lynch, J

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/07

| LIQUIDNET HOLDINGS, INC., | |
|---|---|
| Plaintiff and Counterclaim-Defendant, | Civil Action No. 07-cv-6886 (GEL)(HBP) |
| v. | |
| PULSE TRADING, INC., | |
| Defendant and Counterclaim-Plaintiff. | |

## STIPULATED PROTECTIVE ORDER

WHEREAS Liquidnet Holdings, Inc. and Pulse Trading, Inc., the parties to this action (collectively the "parties" and individually a "party"), as well as non-party witnesses, possess confidential information which may be disclosed in responding to discovery requests or otherwise in this action, and which must be protected in order to preserve the legitimate business interests of the parties, and

WHEREAS the parties have, through counsel, stipulated to the entry of this Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Procedure to prevent unnecessary dissemination or disclosure of such confidential information,

IT IS HEREBY ORDERED that:

## Definitions

1. (a) The term "Confidential Information" as used in this order includes all information that the designating party believes constitutes or discloses or relates to processes, operations, research, technical or developmental information, production, marketing, sales, shipments or other proprietary data or information of commercial value, including but not limited to trade secrets. It may include, without limitation, documents and Electronically Stored Information ("ESI") produced in this action, during formal discovery or otherwise; answers to interrogatories and responses to requests for admission or other discovery requests; deposition, hearing or trial transcripts; affidavits, experts' reports, memoranda of law; and tangible things or objects that are designated confidential pursuant to this order. The information contained therein and all copies, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal, suggest or otherwise disclose such confidential information shall also be deemed "Confidential Information." Information originally designated as confidential pursuant to this agreement ("Confidential Information") shall not retain that status after any ruling by any Court denying such status to it.

(b) The term "designating party" means the party producing or designating documents, ESI, tangible things, or information as Confidential Information under this Order.

(c) The term "receiving party" shall mean the party to whom Confidential Information is produced.

## Designation of Confidential Information

2. Each designating party who produces or discloses any material that it believes comprises Confidential Information shall designate the same. In so designating Confidential Information the designating party shall mark any document containing the information "CONFIDENTIAL"

2

or "CONFIDENTIAL ATTORNEYS EYES ONLY". When documents, ESI, or tangible things are produced for inspection, the documents, ESI or tangible things may be collectively designated as "Confidential" or "Confidential Attorneys Eyes Only," for purposes of the inspection, by letter or otherwise by marking each document or thing "Confidential" or "Confidential Attorneys Eyes Only," and such documents, ESI, or tangible things will be treated as Confidential Information under this Order.

3. If any Confidential Information is produced by a non-party to this litigation, such a non-party shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order and the parties shall be treated as receiving parties. Confidential Information that originated with a non-party may be designated as "Confidential" or "Confidential Attorneys Eyes Only" and shall be subject to the restrictions on disclosure specified in Paragraphs 6 and 7.

4. In the event any designating party produces Confidential Information that has not been designated confidential or not correctly designated, the designating party may designate or redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with this Stipulated Protective Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation. No demonstration or proof or error, inadvertence, or excusable neglect by the designating party shall be required for such redesignation. If, prior to receiving such notice, the receiving party has disseminated the Confidential Information to individuals not authorized to receive the Confidential Information hereunder, the receiving party shall make a reasonable effort to retrieve the Confidential

3

Information and to otherwise assure that the unauthorized recipient(s) maintain the confidentiality of the Confidential Information, but shall have no other responsibility or obligation with respect to the information disseminated.

5.  A party may only designate information as "Confidential Attorneys Eyes Only" if the designating party in good faith believes the material is of such a highly sensitive nature that its disclosure could cause commercial or competitive disadvantage or would otherwise cause irreparable harm.

### Disclosure of the Confidential Information

6.  Information designated "Confidential" may be disclosed to the following persons:

   A.  Outside Counsel of record (including local and trial counsel), partners, associates and employees of outside counsel of record, including any member of the support staff assisting such counsel, and copying services, graphics services, data entry and computer support services retained by counsel of record.

   B.  Independent consultants or experts and their staff not currently employed or retained by or affiliated with a party or with a party's licensee or licensor, who have been retained by the attorneys for the parties either as consultants or expert witnesses for the purposes of this litigation, provided such persons have complied with the procedures of Paragraph 10 hereof.

   C.  One employee of a party or that party's affiliate who is helping to manage and/or providing assistance with the litigation. Liquidnet's designated employee is Thomas Scully. Pulse's designated employee is Preston Ford. In the event that either party's designee pursuant to this sub-paragraph leaves the employ of that party or that party's affiliate, the party shall have the right to designate another person under this sub-paragraph by written notice (including the

4

name of the new designee) at least ten (10) days prior to the disclosure of Confidential Information to the new designee. Neither party waives their right to move the Court to prohibit disclosure of Confidential Information to the new designee given a valid and reasonable objection.

      D.    The Court, its staff and personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or court session which they are transcribing.

      E.    The list of persons to whom Confidential Information may be disclosed, identified in this Paragraph 6, may be expanded or modified by mutual agreement in writing by counsel for the designating party and the receiving party or parties without necessity of modifying this Order.

7. Information designated as "Confidential Attorneys Eyes Only" shall be disclosed only to the persons described in Paragraphs 6(A), (B), (D), and as agreed in accordance with Paragraph 6(E).

### Use and Control of the Confidential Information

8. All Confidential Information disclosed pursuant to this Order shall be used by a recipient thereof solely for the purposes of this litigation, and not for any business or competitive purposes. It shall be the duty of each party and each individual having notice of this Stipulated Protective Order to comply with this Order from the time of such notice.

9. Testimony or information disclosed at a deposition will be automatically treated as Confidential Attorneys Eyes Only for thirty (30) business days after the deposition is concluded (the "Designation Period"). In the event that a producing party wishes the Confidential Attorneys Eyes Only designation to attach to specific testimony beyond the Designation Period, the producing party may designate testimony or information disclosed at a deposition as

Confidential Attorneys Eyes Only by notifying all parties, in writing, within the Designation Period, of the specific pages and lines of the transcript that are to be designated Confidential Attorneys Eyes Only. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions that have not been designated as Confidential Attorneys Eyes Only shall be treated as having been designated as Confidential at the conclusion of the Designation Period. Nothing in this paragraph shall limit the rights of the parties to challenge the treatment or designation of any testimony as either Confidential or Confidential Attorneys Eyes Only.

The parties agree that the attendance at depositions of party or corporate representatives who have been designated to receive Confidential Information pursuant to Paragraph 6(c) of this order is governed by the Federal Rule of Civil Procedure and controlling case law. Furthermore, the parties agree to use reasonable efforts to ensure that their attendance at depositions does not impede the progress of the proceedings. These efforts shall include, where appropriate, voluntarily exiting depositions at the request of counsel for the party producing the witness, if counsel believes that a discussion of "Confidential Attorneys Eyes Only" material is imminent, for the duration of such Confidential Attorneys Eyes Only testimony. The parties further agree that the time it takes for a party to enter and exit a deposition under these circumstances will count toward the total time allotted for the deposition. Nothing in this paragraph shall limit the attendance of other party representatives at depositions if agreed to by the parties or permitted by the Court.

10.    All Confidential Information that is filed with the Court, and any pleadings, motions, memoranda of law, affidavits, expert reports or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal by the filing party with the Clerk of the Court

in an envelope marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL" and kept under seal until further order of the Court. All public versions shall be redacted in black line. Where practicable, only confidential portions of filings with the Court shall be filed under seal.

11. (a) No person designated in accordance with Paragraphs 6(B) of Paragraph 6 hereof shall have access to Confidential Information without first signing a Declaration of Compliance with the Stipulated Protective Order (in the form attached hereto). A file of all such original declarations shall be maintained by counsel for the party obtaining them.

(b) Before any person may be given access to Confidential Information under Paragraph 6(B), the party seeking to provide such access must give a copy of the Declaration referred to in Paragraph 11(a) and written notice (by facsimile or email) to the attorneys for the designating party of the intention to make such disclosure. The notice shall state the name and address of the person to whom disclosure is proposed and include a resume of the background, qualifications and employment or affiliations of such person. No Confidential Information shall be disclosed to any person listed in Paragraphs 6(B) until after the expiration of ten (10) business days commencing after service of the written notice, Declaration and resume, provided, however, that if during that ten (10) business day period opposing counsel makes any objection to such disclosure, there shall be no disclosure except by mutual agreement of the parties or further order of the Court.

(c) If an objection to disclosure is made in writing pursuant to Paragraph 11(b), the Parties agree to work together to expeditiously resolve the bases for the objection within five (5) business days (the "Discussion Period"). If the parties are unable to resolve the bases for the objection during the Discussion Period, the party seeking to prohibit disclosure must draft and circulate to the other party its portion of a joint letter to be sent to the Court pursuant to

7

paragraph 2(F) of this Court's Individual Practices. The party seeking to prohibit disclosure must circulate this draft within five (5) business days after the expiration of the Discussion Period. If the party making the objection does not circulate a draft of the letter within five (5) business days after the expiration of the Discussion Period, then the information may be disclosed without further obligation on the party seeking disclosure. The party seeking disclosure must draft its portion of the letter and send it back to the objecting party within five (5) business days after receipt. The parties will meet and confer to finalize the letter and send it to the Court within two (2) business days thereafter. The burden of demonstrating that the information should not be disclosed shall be on the party seeking to prohibit access to the Confidential Information.

12.   Nothing herein shall prevent any party from disclosing its own Confidential Information in any manner that it considers appropriate, nor shall counsel for either party be precluded from showing or using Confidential Information obtained from the opposing party during examination, at deposition or trial, of any officer, employee or retained expert of the party who designated the information confidential.

Duration of Order, Objections, Modifications

13.   This Stipulated Protective Order shall remain in force and effect immediately until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the parties hereto. This order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed hereunder.

14.   Upon final termination of this action (including all appeals) the receiving party shall, within sixty (60) days of such termination, either return to the designating party or destroy all

Confidential Information in its possession. In either event, the receiving party shall certify their return or destruction, with the exception that outside counsel may retain one copy of the pleadings or other papers filed with the Court or served in the course of the litigation, deposition transcripts, deposition exhibits, the trial record, and work product generated by the receiving party which incorporates Confidential Information.

15. If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the receiving party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

16. Any receiving party may at any time request that the designating party cancel the "Confidential" or "Confidential Attorneys Eyes Only" designation with respect to any document, object or item of information. Such request shall be served on counsel for the designating party (by facsimile or email), and shall particularly identify the designated Confidential Information that the receiving party contends is not confidential and the reasons supporting its contention. If, within ten (10) business days from receipt of the request, the designating party does not agree to remove the "Confidential" or "Confidential Attorneys Eyes Only" designation, then the party contending that such documents, ESI, tangible things, or information are not confidential may file a motion to remove such information from the restrictions of this Order. On motion to be relieved from the restriction of this Order, the burden of demonstrating that the information is confidential shall be on the designating party.

9

### No Waiver of Privileges

17. The inadvertent production of documents, ESI, or tangible things shall not constitute a waiver of confidentiality, attorney-client privilege, protection as attorney work product or trial-preparation material, or other immunity as to such documents, ESI, tangible things, or any information contained therein so long as the confidentiality, privilege, protection as attorney work product or trial-preparation material, or other immunity is asserted by the designating party in writing. No demonstration or proof of error, inadvertence, or excusable neglect shall be required of the producing party in order for such party to avail itself to the provisions of the paragraph. Such inadvertently produced documents, ESI, or tangible things, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such documents, ESI, or tangible things during deposition or at trial, nor shall such documents, ESI, or tangible things to be shown to anyone who had not already been given access to them subsequent to the request that they be returned, provided, however, that the receiving party may move the Court to compel production of such information, but the motion shall not assert as the ground for production the fact of the inadvertent production.

### Other Remedies

18. Nothing herein shall prevent any party or non-party from seeking additional or different relief from the Court not specified in this Order.

19. The section titles in this Order are for convenience of organization only, and are not part or, nor are they relevant to the construction of this Order.

### Other Proceedings

20. By entering into this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant

10

and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's Confidential Information designated pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Miscellaneous

21. If a party wishes to use Confidential Information at the deposition of any witness not entitled to have access to such Confidential Information (for instance, if Confidential Information may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Information will be used as exhibits during examination) such party shall obtain the consent of the party producing the Confidential Information, in advance where possible, and the failure of the examining attorney to obtain such consent shall be grounds for delaying the deposition or progress of the deposition, without the consent of all persons attending or scheduled to attend the deposition. No consent is necessary if the witness is the author or recipient of the Confidential Information or if the witness is a current or former employee of the party that produced the Confidential Information. The witness shall abide by the terms of this Stipulated Protective Order.

22. This Stipulated Protective Order shall survive the final termination of this action with respect to any retained Confidential Information.

GREENBERG TRAURIG LLP

_____
Michael Nicodema (MN 2949)
Gaston Kroub (GK 6970)
200 Park Ave.
New York, NY 10166
(212) 801-9200

*Attorneys for Plaintiff,*
*Liquidnet Holdings Inc.*

CHOATE, HALL & STEWART LLP

_____
Eric J. Marandett (Mass Bar No.: 561730)
Mark S. Freeman (Mass Bar No.: 636290)
Devon Bush (Mass Bar No.: 664960)
Two International Place
Boston, MA 02110
(617) 248-5000 (phone)
(617) 248-4000 (fax)

KENYON & KENYON LLP

Jerry Canada
Mark S. Raskin (MR 9182)
One Broadway
New York, NY 10004
(212) 425-7200 (phone)
(212) 425-5288 (fax)

*Attorneys for Defendant Pulse Trading, Inc.*

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

11/5/07

12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LIQUIDNET HOLDINGS, INC., | | |
| | Plaintiff and Counterclaim-Defendant, | Civil Action No. 07-cv-6886 (GEL)(HBP) |
| v. | | |
| PULSE TRADING, INC., | | |
| | Defendant and Counterclaim-Plaintiff. | |

DECLARATION OF COMPLIANCE

I, _____ do declare and state as follows:

1.  I reside at _____.

2.  I am employed as (state position) _____ by (state name and address of employer) _____.

2.  I have received and read a copy of the Stipulated Protective Order entered in this case.

3.  I understand and agree to comply with and be bound by the provisions of the Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

4.  I declare, as provided by 28 U.S.C. Section 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, 2007, at _____.

_____
Signature

13

4266557v1