IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIQUIDNET HOLDINGS, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> PULSE TRADING, INC., <br><br> Defendant and Counterclaim-Plaintiff. | Civil Action No. 07-cv-6886 (GEL)(HBP) |

**LIQUIDNET HOLDINGS, INC.'S REPLY TO
PULSE TRADING, INC.'S AMENDED ANSWER AND COUNTERCLAIM**

Plaintiff and Counterclaim Defendant Liquidnet Holdings, Inc. ("Liquidnet"), by its attorneys, for its Reply in response to Defendant and Counterclaim Plaintiff Pulse Trading, Inc.'s ("PTI") Amended Answer and Counterclaim, herein alleges as follows. We track the headings used in the Amended Answer and Counterclaim purely for convenience and ease of reference, and deny the allegations, assertions or inferences contained therein.

**REPLY TO COUNTERCLAIM**

**Introduction**

1. Liquidnet admits that Defendant has brought counterclaims pursuant to 35 U.S.C. §§ 1, *et seq*; Liquidnet asserts, however, that all of the Defendant's counterclaims in this case are frivolous and brought in bad faith. In particular, Liquidnet contends that the Defendant's counterclaims for patent invalidity and unenforceability based on alleged

inequitable conduct in connection with the so-called Harborside system constitute a fraud upon this Court by the Defendants and their counsel. Liquidnet admits that it sued PTI on July 31, 2007 for infringing U.S. Patent No. 7,136,834 (the "'834 Patent"). Liquidnet lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 1 of the Counterclaim, and therefore denies them.

2. Denied, in as much as paragraph 2 presents a vague and incomplete statement of the state of the electronic securities trading industry.

3. Denied.

4. Denied.

## Parties

5. Liquidnet admits the public record indicates that Counterclaim Plaintiff PTI is a Massachusetts corporation having its principal place of business at 2 Liberty Square, 2nd Floor, Boston, MA 02109.

6. Admitted.

## Jurisdiction

7. Admitted.

## Factual Background

**A.    The Harborside System**

8. Denied.

9. Denied.

10. Liquidnet admits that at one time Mr. Legoff was an officer of VIE, and that Mr. Legoff later co-founded and became an officer of Liquidnet. Liquidnet avers that before Harborside copied the patented Liquidnet system, neither Holway nor any person

associated with Harborside ever conceived of or developed a system that integrated a Harborside computer with an OMS, in that the Harborside system was a manual system and did not interface directly with the OMS's at trading institutions, automatically create and transmit orders to the ETM, and automatically update the OMS databases in response to orders executed at the ETM. Liquidnet does not have sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 10, and therefore denies them.

    11.    Admitted.

    12.    Since the referenced proposal is not attached to the amended counterclaims, Liquidnet does not have sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 12, and therefore denies them.

    13.    Since the referenced agreement is not attached to the amended counterclaims, Liquidnet does not have sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 13, and therefore denies them.

    14.    Liquidnet admits that Mr. Lupowitz was involved somewhat in the development of the failed Harborside system. Liquidnet admits that Mr. Lupowitz is a listed inventor of the '834 Patent and that he became an employee and officer of Liquidnet. Liquidnet avers that before Harborside copied the patented Liquidnet system, neither Holway nor any person associated with Harborside ever conceived of or developed a system that integrated a Harborside computer with an OMS, in that the Harborside system was a manual system and did not interface directly with the OMS's at trading institutions, automatically create and transmit orders to the ETM, and automatically update the OMS databases in response to orders executed at the ETM.

Liquidnet does not have sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 14, and therefore denies them.

15. Since the referenced document is not attached to the amended counterclaim, Liquidnet does not have sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 15, and therefore denies them.

16. Liquidnet admits that Mr. Lupowitz was at one time employed by VIE. Liquidnet does not have sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 16, and therefore denies them.

17. Admitted.

18. Liquidnet does not have sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 18, and therefore denies them.

19. Liquidnet admits that provisional patent application No. 60/133,655 bears on its face a filing date of May 11, 1999. Liquidnet admits that provisional patent application No. 60/134,207 bears on its face a filing date of May 14, 1999. Liquidnet admits that non-provisional patent application No. 09/569,135 bears a filing date on its face of May 11, 2000. Liquidnet admits that continuation-in-part application No. 09/570,562 bears a filing date on its face of May 12, 2000. Liquidnet admits that continuation-in-part application No. 10/032,535 bears a filing date on its face of January 2, 2002. Liquidnet admits that application No. 10/032,535 bears a filing date on its face of January 2, 2003. Liquidnet does not have sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 19, and therefore denies them.

20.     Liquidnet admits that PTI appears to have accurately quoted the language of the Harborside Application, application No. 10/032,535. Liquidnet denies the remaining allegations of paragraph 20.

**B.      Liquidnet's Prosecution of the '834 Patent**

21.     Admitted.

22.     Liquidnet admits that it filed a provisional patent application entitled "Electronic Securities Marketplace Having Integration With Order Management Systems" on October 19, 2000 in the names of Messrs. Merrin, Lupowitz and Kosofsky. Liquidnet denies the remaining allegations of paragraph 22. The original and re-vamped Harborside systems relied upon by the Defendant are antithetical to the invention of the '834 Patent, and there were no ideas or technology in these systems that were copied into the Liquidnet patent applications.

23.     Admitted.

24.     Liquidnet admits that the '834 Patent had not yet issued in 2004. Liquidnet denies the remaining allegations of paragraph 24.

25.     Liquidnet admits that the PTO issued an Office Action on August 10, 2004. Liquidnet admits that it filed a response to that Office Action on December 10, 2004. Liquidnet admits that it submitted a series of declarations to the PTO from third-parties. Liquidnet denies the remaining allegations of paragraph 25.

26.     Liquidnet admits that the declarations of Messrs. Repetto, Coulter and Hegarty use identical language to describe the Harborside system. Liquidnet denies the remaining allegations of paragraph 26.

27. Liquidnet does not have sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 27, and therefore denies them.

28. Liquidnet admits that Mr. LeGoff filed a declaration in the PTO on the commercial success of the Liquidnet system in connection with the prosecution of the '834 Patent. Liquidnet denies the remaining allegations of paragraph 28.

29. Liquidnet admits that PTI appears to have accurately quoted the language of the December 10, 2004 Amendment. Liquidnet denies the remaining allegations of paragraph 29.

30. Liquidnet admits that it filed an Amendment with the PTO on December 10, 2004 containing the language: "Each of the independent claims recite that the non-binding indications <u>are derived from</u> the records reflecting orders in the order management system database. Thus, the claims reflect a conversion from firm orders to non-binding indications; from the proverbial 'apples' to 'oranges'". Liquidnet denies the remaining allegations of paragraph 30.

31. Liquidnet admits that the May 25, 2005 Amendment contains the sentence, "Applicants know of no prior system or method, manual or automated, for reading OMS records reflecting orders, deriving non-binding indications and providing such non-binding indications to a separate marketplace…." Liquidnet denies the remaining allegations of paragraph 31.

32. Liquidnet admits that Liquidnet filed an amendment on July 12, 2006. Liquidnet admits that the PTO issued a Notice of Allowance on September 8, 2006, and that the '834 Patent issued on November 14, 2006. Liquidnet denies the remaining allegations of paragraph 32.

33. Liquidnet admits that Claim 1 of the '834 Patent appears to be accurately quoted. Liquidnet denies the remaining allegations of paragraph 33.

C. **Liquidnet's Misconduct**

34. Denied. The Harborside system was fully disclosed to the PTO during prosecution of the '834 Patent. The invention of the '834 Patent was not derived from the Harborside system. Rather, after the original and re-vamped versions of the Harborside system completely failed in the marketplace, Harborside blatantly copied the invention of the '834 Patent in a belated and unsuccessful attempt to survive.

35. Liquidnet admits that all inventors on a patent application and all persons substantively involved in the prosecution of a patent application owe a duty of candor and good faith to the PTO. Liquidnet admits that Messrs. Merrin and Lupowitz are named inventors of the Liquidnet Application. Liquidnet denies the remaining allegations of paragraph 35.

36. Denied. The Harborside system was fully disclosed to the PTO during prosecution of the '834 Patent. The invention of the '834 Patent was not derived from the Harborside system. Rather, after the original and re-vamped versions of the Harborside system completely failed in the marketplace, Harborside blatantly copied the invention of the '834 Patent in a belated and unsuccessful attempt to survive.

37. Denied. See response to paragraph no. 36 above.

38. Denied.

### COUNT I: NON-INFRINGEMENT

39. Liquidnet repeats its responses to the allegations of paragraphs 1-38 of this Counterclaim as if fully incorporated herein.

40. Denied.

## COUNT II: INVALIDITY

41. Liquidnet repeats its responses to the allegations of paragraphs 1-40 of this Counterclaim as if fully incorporated herein.

42. Denied.

## COUNT III: UNENFORCEABILITY / INEQUITABLE CONDUCT

43. Liquidnet repeats its responses to the allegations of paragraphs 1-42 of this Counterclaim as if fully incorporated herein.

44. Denied.

## DEMAND FOR JURY TRIAL

45. Paragraph 45 does not call for a response, and therefore Liquidnet will neither admit nor deny the assertion contained in paragraph 45.

## PRAYER FOR RELIEF

46. Liquidnet denies that the Counterclaim Plaintiffs are entitled to any of the relief requested in paragraphs A through G of their prayer for relief.

## AFFIRMATIVE DEFENSES

47. The Counterclaim Plaintiffs have directly infringed, and/or contributed to the infringement of, and/or actively induced the infringement of claims of the '834 Patent, both literally and under the doctrine of equivalents.

48. The claims of the '834 Patent are valid, and meet the statutory requirements of 35 U.S.C. §§ 100, *et seq.*, which includes but are not limited to §§ 102, 103 and 112.

49. The claims of the '834 Patent are enforceable.

Dated: May 22, 2008               GREENBERG TRAURIG LLP

                                  By: _____
                                     Michael A. Nicodema (# 2949)
                                     Gaston Kroub (#6970)
                                     200 Park Avenue
                                     New York, N.Y. 10166
                                     Tel.: (212) 801-9200
                                     Fax: (212) 801-6400
                                     *Attorneys for Plaintiff/Counterclaim
                                     Defendant Liquidnet Holdings, Inc.*