

## ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com
info@rfem.com

June 25, 2008





G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro
Anne M. Sterba
Brian A. Tollefson

Lisa N. Phillips
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Daniel L. Shores
Joseph E. Green
John A. Evans, Ph.D.
Oliver L. Edwards
David B. Orange
John H. Curry
Ryan P. Wallace
Carolyn L. Greene
Julia A. Kim

Of Counsel
John A. McCahill
Brian E. Banner
Nancy J. Linck, Ph.D.

Honorable Gerald E. Lynch
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Rom 910
New York, NY 10007

      Re:   Investment Technology Group Inc. v. Liquidnet Holdings, Inc.
            Case No. 07-cv-0510 (GEL)
            Liquidnet Holdings, Inc. v. Pulse Trading, Inc.
            <u>Case No. 07-cv-6886 (GEL)</u>

Dear Judge Lynch:

      This firm represents plaintiffs Investment Technology Group, Inc.; ITG Inc.; ITG Solutions Network, Inc. and The MacGregor Group, Inc. ("ITG") in the first of the two above-referenced matters. I write on behalf of all parties to the two above-referenced litigations to request a two month extension of the time for completion of fact discovery in those actions. Discovery in the two litigations has been coordinated by the Court and substantively-identical scheduling orders have been entered in both cases.

      As the Court may recall, when the parties were before the Court on March 14, 2008, there was extended discussion on the status of document production, focusing on the technical difficulties involved in the production of electronic information ("ESI"). At the conference, the parties advised the Court that they expected that they would be able to finish the production of ESI by May 1, 2008 and that they therefore anticipated that they would be able to complete fact discovery by the August 15, 2008 date set forth in the October 12, 2007 Civil Case Management Plan.

      However, the production of ESI has proved to be considerably more difficult than any of the parties anticipated and the completion of the production of ESI has taken approximately two months longer than projected at the March 14 conference. Specifically, each of the parties in the two above-reference actions believe that they are nearing the completion of rather substantial productions of ESI and hope (and expect) that ESI production will be complete by July 1, 2008.

      Over the past several months the parties have worked together so that the delay in completion of ESI production did not stop fact discovery from moving forward. Specifically, the

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Honorable Gerald E. Lynch
June 25, 2008
Page 2.

parties have scheduled and/or taken the depositions of six non-parties, individuals whose depositions could proceed even though the parties had not yet completed their own ESI productions. In addition, the parties have been in communication regarding the scheduling of fact depositions of the parties themselves (15 individual depositions, plus Rule 30(b)(6) depositions, have been noticed) and some party depositions have already been scheduled.

Nevertheless, given the fact that ESI production will not be complete until approximately July 1, the parties' need to complete their review of the ESI before taking party depositions, and obstacles to scheduling a large number of depositions during the summer months, the parties respectfully request that the Court <u>extend the time for completion of fact discovery by two months from August 15, 2008 to October 15, 2008</u>.]* Under the Civil Case Management Plan entered by this Court, there are no other fixed dates that would need to be moved because all other dates (claim construction briefing, expert discovery, etc.) are keyed off of the completion date for fact discovery.

Pursuant to this Court's Individual Practice Rule 1(e), the parties provide the following information:

1. the original date for completion of fact discovery is August 15, 2008;
2. there have been no previous requests for adjournment or extension of this date;
3. no previous requests have been made and none were granted or denied;
4. all parties consent to this requested extension.

Because there are no other fixed dates that will be affected by this extension, a Proposed Revised Order is not attached.

Respectfully submitted,

Steven Lieberman

SL:dob
cc:   All Counsel of Record

*Granted. The conference previously set for Sept. 5, 2008, is adjourned to Oct. 17, 2008, at 9:30 A.M.

SO ORDERED:

_____
United States District Judge

6/26/08

1505979_1