

**MEMO ENDORSED**

**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com
info@rfem.com

September 5, 2008

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro
Anne M. Sterba
Brian A. Tollefson

Lisa N. Phillips
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Daniel L. Shores
Joseph E. Green
John A. Evans, Ph.D.
Oliver L. Edwards
David B. Orange
John H. Curry
Ryan P. Wallace
Carolyn L. Greene
Julia A. Kim
Raquel E. Ronisky*

Of Counsel
John A. McCahill
Brian E. Banner
Nancy J. Linck, Ph.D.

*Not admitted in D.C.
 Practice limited to trademark
 and copyright matters and
 cases in federal courts.

RECEIVED SEP 8 2008 CHAMBERS OF GERARD E. LYNCH U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/08

Honorable Gerald E. Lynch
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Rom 910
New York, NY 10007

Re:   Investment Technology Group Inc. v. Liquidnet Holdings, Inc.
      Case No. 07-cv-0510 (GEL)
      Liquidnet Holdings, Inc. v. Pulse Trading, Inc.
      Case No. 07-cv-6886 (GEL)

Dear Judge Lynch:

     This firm represents plaintiffs Investment Technology Group, Inc.; ITG Inc.; ITG Solutions Network, Inc. and The MacGregor Group, Inc. ("ITG") in the first of the two above-referenced matters. I write on behalf of <u>all parties</u> to the two above-referenced litigations to request a two month extension of the time for completion of fact discovery in those actions. Discovery in the two litigations has been coordinated by the Court and substantively-identical scheduling orders have been entered in both cases.

     On June 27, 2008, the Court granted the parties' request to extend the time for completion of fact discovery by two months from August 15, 2008 to October 15, 2008. The Court may recall that at that time the parties were experiencing unexpected difficulty in processing and producing the exceedingly large volumes of electronically stored information ("ESI") extracted from their respective electronic files, but were also diligently working to take and schedule certain depositions so as to not allow the delay in ESI production to stop fact discovery from moving forward.

     Since that time, the parties have completed their respective ESI productions and have been reviewing the ESI produced to them (which, in some cases, amounts to millions of pages of information). Approximately 800,000 pages of information were produced subsequent to the parties' June 25, 2008 letter to the Court requesting the first extension. Because those documents needed to be reviewed before depositions of the parties could begin, that delayed the taking of party depositions. Despite this, the parties have sought to take and schedule depositions of individuals as to whom document discovery had been completed. This initial round of depositions included depositions of a number of subpoenaed third-party witnesses. As of the

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Honorable Gerald E. Lynch
September 5, 2008
Page 2.

date of this letter, the parties have taken 8 depositions and have scheduled (or nearly so) 8 more to occur this month. In addition to these 16 depositions, the parties have noticed and expect to take at least 20 more depositions. A number of those depositions will be of already subpoenaed third-parties, and coordinating schedules with, at minimum, the witness and counsel for the three parties is a challenging prospect despite the parties' best efforts at cooperation. This number may increase depending on how many witnesses the parties designate for the multiple topics cited under each party's 30(b)(6) deposition notice.

In light of the large volume of documents produced in this case, the parties' need to complete their review of these documents before taking depositions, and the large number of depositions (perhaps 30) (including numerous third-party depositions) that need to occur between now and October 15, the parties respectfully request that the Court <u>extend the time for completion of fact discovery by an additional two months from October 15, 2008 to December 15, 2008</u>. Under the Civil Case Management Plan entered by this Court, there are no other fixed dates that would need to be moved because all other dates (claim construction briefing, expert discovery, etc.) are keyed off of the completion date for fact discovery.

Pursuant to this Court's Individual Practice Rule 1(e), the parties provide the following information:

1. the original date for completion of fact discovery was August 15, 2008;
2. there has been one previous request for adjournment or extension of this date;
3. this request was granted;
4. all parties consent to this requested extension.

Because there are no other fixed dates that will be affected by this extension, a Proposed Revised Order is not attached.

Respectfully submitted,

Steven Lieberman

SL:dob
cc: All Counsel of Record

✱ SO ORDERED:

_Gerald E. Lynch_
United States District Judge

9/8/08