UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

LIQUIDNET HOLDINGS, INC.,

        Plaintiff/Counterclaim-Defendant,

   - against -

PULSE TRADING, INC.,

        Defendant/Counterclaim-Plaintiff.
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/22/11

**MEMORANDUM
OPINION AND ORDER**

07 Civ. 6886 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.

## I. INTRODUCTION

On December 21, 2010, this Court granted ITG's and Pulse's motions for partial summary judgment of non-infringement of the '834 patent-in-suit ("December 21st Opinion").[1] Liquidnet seeks to appeal the December 21st Opinion, as well as the Claim Construction, to the Federal Circuit. However, the Court's December 21st Opinion is not a "final" and appealable judgment under 28 U.S.C. § 1295 because Pulse's claims for patent invalidity and unenforceability

---

[1] This memorandum opinion and order assumes familiarity with that decision (including the abbreviations used therein), *see Investment Tech. Grp., Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d 387 (S.D.N.Y. 2010), as well as this Court's prior claim construction of claim one of the '834 Patent, *see Investment Tech. Grp., Inc. v. Liquidnet Holdings, Inc.*, Nos. 07 Civ. 510, 07 Civ. 6886, 2010 WL 199912 (S.D.N.Y. Jan. 19, 2010) ("Claim Construction").

remain pending.[2]  Liquidnet now moves the Court to (1) dismiss without prejudice Pulse's pending claims and enter final judgment of non-infringement; or, alternatively, to (2) stay Pulse's pending claims and enter final judgment under Federal Rule of Civil Procedure 54(b).  Pulse has assented to dismissing its invalidity claim without prejudice.[3]  (Pulse's inequitable conduct allegations are based on Liquidnet's alleged failure to disclose the @Harborside system during the prosecution of the patent-in-suit, and also on certain alleged misrepresentations made by a third party declarant during that prosecution.)

## II.   APPLICABLE LAW

"A district court judge faced with an invalidity [or inequitable conduct] counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion."[4]  Similarly, a district court may make "an express

---

[2]    On March 16, 2011, ITG and Liquidnet stipulated to the dismissal of all claims asserted between them.  *See* 07 Civ. 510, Docket No. 112.

[3]    *See* Pulse's Memorandum of Law in Opposition to Liquidnet's Motion to Dismiss Pulse's Remaining Claims/Counterclaims Without Prejudice or to Stay the Remaining Claims/Counterclaims and Enter Judgment Pursuant to Fed. R. Civ. P. 54(b) ("Opp. Mem.") at 3.

[4]    *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004).  *Accord Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1350-51 (Fed. Cir. 2003) ("[T]he district court could have dismissed the [invalidity and unenforceability] counterclaim without prejudice . . . following the grant of summary judgment of non-infringement."); *Phonometrics, Inc. v. Northern*

determination that there is no just reason for delay and then . . . expressly direct the entry of final judgment on fewer than all of the claims under Federal Rule of Civil Procedure 54(b).["][5]  District courts routinely decline to adjudicate inequitable conduct claims following a finding of non-infringement, and either dismiss them without prejudice, or stay the claims and enter judgment under Rule 54(b).[6]

---

*Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998) ("[A] district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement.").

[5]  *Nystrom*, 339 F.3d at 1351 (quotation marks omitted).

[6]  *See, e.g.*, *Liquid Dynamics*, 355 F.3d at 1370, 1371; *Aristocrat Techs. v. International Game Tech.*, No. C-06-03717, 2010 WL 2486174, at *2-3 (N.D. Cal. June 15, 2010) ("The court therefore stays further action with respect to IGT's prior art-based unenforceability counterclaim while proceeding with IGT's revival-based unenforceability counterclaim."); *Imagecube LLC v. The Boeing Co.*, No. 04-cv-7587, 2010 WL 331723, at *2-4 (N.D. Ill. Jan. 22, 2010) ("Here, the Court is persuaded that Defendants' counterclaims [for non-infringement, invalidity, and unenforceability] – while certainly viable and nonfrivolous – are separable from the matters as to which immediate appeal is sought.  As Plaintiff points out, the counterclaims focus largely on prior art and the conduct of the inventor and his lawyers."); *Amgen, Inc. v. Ariad Pharm., Inc.*, No. 06-259, 2008 WL 4487910, at *3 (D. Del. Oct. 3, 2008) ("[C]onsiderations of judicial economy and reduction of litigation expenses are better served by permitting ARIAD to seek review of the court's claim construction and non infringement orders at this time . . . . If the court were to conduct a trial on Amgen's [invalidity and unenforceability] claims based on the court's current claim construction, modification of that claim construction on subsequent appeal could result in a second trial of the same issues based on that modification."); *Celerity, Inc. v. Ultra Clean Tech. Sys. & Serv., Inc.*, Nos. C-05-4374 MMC, C-05-3560 MMC, 2007 WL 1202240, at *12 (N.D. Cal. Apr. 23, 2007); *Mangosoft, Inc. v. Oracle Corp.*, 482 F. Supp. 2d 179, 181 (D.N.H. 2007) ("[H]aving considered the procedural posture of the case, the pleadings and papers filed by the parties, and the fact that the [] patent's invalidity is not 'plainly evident,' the court concludes that the most prudent way to resolve this matter, and

## III. DISCUSSION

For at least five reasons, I conclude that "the most prudent way to resolve this matter, and the most cost-effective way for the parties, is to dismiss [Pulse's inequitable conduct claim], without prejudice."[7] *First*, at least three of this Court's claim interpretations could be modified on appeal of the December 21st Opinion in a manner that could affect the issue of inequitable conduct and possibly require a retrial.[8] Ideally, this Court would try the inequitable conduct claim now, the parties would present a unified appeal of that claim and the infringement claim to the Federal Circuit, and the Federal Circuit would affirm all of this Court's rulings, obviating the need for further district court proceedings. But if the Federal Circuit disagrees with this Court's Claim Construction, upon remand this Court

---

the most cost-effective way for the parties, is to dismiss Oracle's counterclaim, without prejudice.").

[7] *Mangosoft*, 482 F. Supp. 2d at 181.

[8] In particular, two claim terms which, as construed, led this Court to grant summary judgment – "all" and "access" – could affect the issue of inequitable conduct. *Cf. Aristocrat Techs.*, 2010 WL 2486174, at *3 ("While it does not appear likely that the limited claim construction relevant to the court's grant of summary judgment of non-infringement would affect IGT's prior art-based unenforceability counterclaim, it is possible that a changed claim construction could have some effect."). In addition, the Federal Circuit has discretion to review this Court's construction of the term "automatic," which almost certainly would affect the issue of inequitable conduct. *See, e.g.*, *Chimie v. PPG Indus. Inc.*, 402 F.3d 1371, 1383-84 (Fed. Cir. 2005); *Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1351 n.6 (Fed. Cir. 2004).

would likely have to re-decide the non-infringement issue *and* re-try the inequitable conduct claim.  The more prudent course, therefore, is to allow the Federal Circuit to review the Claim Construction so that there is, at most, the possibility of only *one* trial on the inequitable conduct claim.  *Second*, even if this Court were to hold a trial on inequitable conduct now, it would not resolve all *possible* outstanding issues because the dismissal of Pulse's invalidity claim will be without prejudice.  *Third*, this Court has already rendered a decision that may resolve the entire dispute; if the Federal Circuit affirms this Court's finding of non-infringement, Pulse may decide not to renew its inequitable conduct or invalidity claims.  *Fourth*, inequitable conduct in this case is not "plainly evident," as Pulse contends,[9] especially given that *Therasense Inc. v. Becton Dickinson and Co.* – a decision issued by the Federal Circuit subsequent to the parties' briefing on the current motion – raised the standard of proof required for inequitable conduct claims.[10]  *Fifth*, the new standard announced in *Therasense* increases the possibility

---

[9] Opp. Mem. at 5.

[10] *See* --- F.3d ----, No. 2008-1511, 2011 WL 2028255, at *9 (Fed. Cir. May 25, 2011) (en banc) ("This court now tightens the standards for finding both intent and materiality in order to redirect a doctrine [inequitable conduct] that has been overused to the detriment of the public.").  Under *Therasense*, in order to prove inequitable conduct for failure to disclose a prior art reference, "the accused infringer must prove *by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it.*" *Id.* (emphasis added).  Materiality is judged by a "but-for materiality" standard under which "the court must determine whether the [United States Patent

that the Court will be required to address the same issues multiple times if it holds an inequitable conduct trial now; this is because Pulse has agreed to dismiss the invalidity claim without prejudice, but the but-for materiality standard requires a validity analysis (that the Court would have to repeat in the future if Pulse renews its invalidity claim).[11]

Pulse asserts that the Court must try the issue of inequitable conduct at some point because of Pulse's desire to recover attorneys' fees, and should do so now because of Pulse's wish for clarity on whether Liquidnet's continuation patents are enforceable, "public notice," and a desire to have a defense to all claims of the patent.[12] *First*, a trial on inequitable conduct is not necessary to adjudicate a

---

and Trademark Office ("PTO")] would have allowed the claim if it had been aware of the undisclosed reference," *id.* at *11, but Liquidnet asserts that the '834 Patent Examiner had systems substantially similar to @Harborside before him during prosecution (and the Patent was approved). *Therasense* also heightened the standard for finding intent to deceive; Pulse must prove by clear and convening evidence that Liquidnet's intent to deceive is "the single most reasonable inference able to be drawn from the evidence." *Id.* (quotation marks omitted). Moreover, "[p]roving that the applicant knew of a reference [(@Harborside)], should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Id.* at *10. Thus, Pulse faces a very high bar.

[11]  *See* 6/3/11 Letter from Liquidnet to the Court at 4 ("The materiality analysis may not be *identical* to the validity analysis required to invalidate a claim, but the two are inextricably intertwined because both require a comparison of the claim to the prior art.").

[12]  *See* Opp. Mem. at 10-11.

motion for attorneys' fees.[13] *Second*, this Court has no jurisdiction to opine on Liquidnet's continuation patents, and there may not *be* a "later court" hearing any such case. In any event, if there is, that court will be required to hear the same evidence on inequitable conduct in order to judge its applicability to the continuation patents.

### III. CONCLUSION

For the foregoing reasons, Pulse's remaining claims are dismissed without prejudice, and final judgment of non-infringement is hereby entered.

SO ORDERED:

*[signature]*

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
June 22, 2011

---

[13] "In considering whether attorney's fees should be awarded, the trial court undertakes a two-step inquiry. It first determines whether clear and convincing evidence establishes that the case is exceptional pursuant to 35 U.S.C. § 285 and, if so, then decides as a matter of discretion whether any award should be granted." *Forcillo v. Lemond Fitness, Inc.*, 168 Fed. App'x 429, 430 (Fed. Cir. 2006) (affirming denial of attorneys' fees despite never deciding the issue of inequitable conduct). *Accord Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, No. 3:06-CV-236, 2010 WL 1342918, at *15 (M.D. Pa. Mar. 31, 2010) ("[W]here the issue of inequitable conduct was not fully litigated prior to the entry of a judgment on the merits, the district court is fully justified in not requiring a full trial on the issue of inequitable conduct as part of the attorney fee motion or in entering detailed findings of fact and conclusions of law on the issue.") (quotation marks omitted).

## - Appearances -

**For Pulse Trading, Inc.:**

Robert R. Gilman, Esq.
Thomas J. Clark, Esq.
Gilman Clark LLC
176 Federal Street
Fourth Floor
Boston, Massachusetts 02110
(617) 830-5442

Kevin N. Ainsworth, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
666 Third Avenue
New York, New York 10017
(212) 935-3000

Paul J. Hayes, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

**For Liquidnet Holdings, Inc.:**

Michael A. Nicodema, Esq.
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900